# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

_____

NO. 24-2730
_____

UNITED STATES OF AMERICA
Appellee

v.

BRANDON ROBINSON
Appellant

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

THE HONORABLE JAMES M. MOODY, JR., DISTRICT JUDGE
_____

**BRIEF AND ADDENDUM FOR APPELLANT**
**(FILED PURSUANT TO ANDERS V. CALIFORNIA)**
_____

                                                Respectfully Submitted,

                                                /s/Degen D. Clow
                                                Degen D. Clow (ABN: 2014038)
                                                PO Box 1
                                                Benton, AR 72018
                                                501-999-2569
                                                degen@clow.law
                                                Attorney for Appellant

# SUMMARY OF THE CASE AND STATEMENT

Appellant, Brandon Robinson, was convicted of Felon in Possession of a Firearm, a Class C Felony, in violation of Title 18 USC § 922(g)(1).

On August 15, 2024, the District Court imposed a sentence of thirty (30) months imprisonment, two years supervised release, and a $100.00 mandatory assessment. This sentence was pursuant to a guilty plea by plea agreement. (R. Doc. 783).

After a review of all court papers and transcripts, counsel respectfully submits this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that Brandon Robinson's sentence was unreasonable and greater than necessary to accomplish the sentencing objectives in 18 U.S.C. § 3553(a). Defense counsel is not aware of any legitimate appealable issues in this case. Oral argument is not requested as this brief fully explains the issues before the Court.

# **TABLE OF CONTENTS**

Summary of the Case………………………………………………..i

Table of Contents……………………………………………………...ii

Table of Authorities…………………………………………………...iii

Jurisdictional Statement……………………………………………..1

Statement of the Issues Presented for Review…………………………2

Statement of Case…………………………………………………...3

Summary of the Argument…………………………………………….4

Argument……………………………………………………………5

Conclusion…………………………………………………………..7

Certificate of Service…………………………………………….…8

Certificate of Filing………………………………………………….9

Certificate of Electronic Filing……………………………………….10

Certificate of Compliance for Word or Line Limits………………….11

# TABLE OF AUTHORITIES

**CASES:**

*Anders v. California*, 386 U.S. 738 (1967)……………………………..i, 4, 7

*Gall v. United States*, 552 U.S. 38 (2007)……………………………5

*United States v. Green*, 691 F.3d 960 (8th Cir. 2012)…………………5

*United States v. Jeffries*, 615 F.3d 909 (8th Cir. 2010)………………..2, 5

*United States v. Miller*, 557 F.3d 910 (8th Cir. 2009)…………………6

*United States v. Miner*, 544 F.3d 930 (8th Cir. 2008)…………………5, 6

*United States v. Pizano*, 403 F.3d 991 (8th Cir. 2005)………………...5

*United States v. Replogle*, 628 F.3d 1026 (8th Cir. 2011)……………..5

*United States v. Shuler*, 598 F.3d 444 (8th Cir. 2010)…………………5

*United States v. Vinton*, 641 F.3d 476 (8th Cir. 2011)…………………5

**STATUTES:**

18 USC § 922(g)(1)……………………………………………………..i, 1, 3

18 USC § 3231……………………………………………………………1

18 USC § 3553(a)………………………………………………………..i, 2, 3, 4, 5, 6

18 USC § 3742……………………………………………………………1

28 USC § 1291……………………………………………………………1

# JURISDICTIONAL STATEMENT

Brandon Robinson appeals from a sentence imposed by the Honorable James M. Moody, Jr. on August 15, 2024, resulting from a violation of 18 U.S.C. § 922(g)(1). Mr. Robinson entered into a plea agreement with the Government and successfully changed his plea to guilty at a change of plea hearing on January 25, 2024. Sentencing was held and the District Court's judgment was filed on August 15, 2024. (R. Doc. 1152). Brandon Robinson filed a timely notice of appeal on August 27, 2024. (R. Doc. 1168).

Federal jurisdiction over the subject matter of this case is proper pursuant to 18 USC § 922(g)(1) and 18 USC § 3231.

The United States Court of Appeals for the Eighth Circuit has jurisdiction over this appeal pursuant to 28 USC § 1291, which provides for jurisdiction over a final order subject to appeal, and 18 USC § 3742, which provides for review of a federal sentence.

# **STATEMENT OF THE ISSUE PRESENTED FOR REVIEW**

I.

WHETHER BRANDON ROBINSON'S SENTENCE WAS UNREASONABLE AND GREATER THAN NECESSARY TO ACCOMPLISH THE SENTENCING OBJECTIVES OF 18 USC § 3553(a).

18 USC § 3553 (a)

*United States v. Jeffries*, 615 F.3d 909 (8th Cir. 2010)

## STATEMENT OF THE CASE

This appeal arises out of an indictment which was returned against Brandon Robinson charging him with multiple criminal counts. (R. Doc. 3). A superseding indictment, with additional charges, was filed on May 3, 2023. (R. Doc. 496). Pursuant to a plea agreement, Mr. Robinson entered a plea of guilty to Possession of a Firearm by a Felon, a Class C Felony, in violation of Title 18 USC § 922 (g)(1). Brandon Robinson received a sentence of 30 months imprisonment. Brandon Robinson was not sentenced outside of the advisory guideline range of 27-33 months (PSR, para. 56, pg. 18). From that sentence, a timely notice of appeal was filed. (R. Doc. 1168).

Counsel urges the Court to reconsider the sentence of Brandon Robinson considering the sentencing factors in 18 USC § 3553(a). Counsel also advises the Court there are no other issues besides the 3553 review that are non-frivolous.

# SUMMARY OF THE ARGUMENT

After a review of all court papers and transcripts, counsel respectfully submits this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that Brandon Robinson's sentence was unreasonable and greater than necessary to accomplish the sentencing objectives in 18 USC § 3553(a). Brandon Robinson believes that despite his prior criminal history, a lesser sentence would have been sufficient punishment under the circumstances.

Appointed counsel also request that this Court grant counsel leave to withdraw from pursuing the appeal any further. Counsel also asks that the Court review the entire record to determine whether there exist any non-frivolous issues for appeal; and, if so, that the Court appoint counsel to pursue such issues on behalf of the Appellant and that all of his rights are protected and preserved therein.

# ARGUMENT

## THE APPELLANT'S THIRTY (30) MONT SENTENCE WAS EXCESSIVE AND UNREASONABLE UNDER THE OBJECTIVES OF 18 U.S.C. § 3553(a).

**A. Standard of Review**

Appellant's sentence is reviewed for reasonableness considering the factors set forth in 18 U.S.C. § 3553(a). *United States v. Jeffries*, 615 F.3d 909, 910 (8th Cir. 2010); *United States v. Miner*, 544 F.3d 930, 943 (8th Cir. 2008); *United States v. Pizano*, 403 F.3d 991, 955 (8th Cir. 2005). This is the equivalent of an abuse of discretion review. *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012) ("We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard."); <u>accord</u> *United States v. Vinton*, 641 F.3d 476, 748 (8th Cir. 2011); *United States v. Replogle*, 628 F.3d 1026, 1031 (8th Cir. 2011).

This "narrow and deferential" review means that only an "unusual case" will warrant a finding of substantively unreasonable sentence. *United States v. Shuler*, 598 F.3d 444, 447 (8th Cir. 2010). A district court abuses its sentencing discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgement in

5

weighing those factors. *Miner* at 932.

A defendant need not object to preserve an attack on the length of sentence imposed if alleges only that the district court erred in weighing the § 3553 (a) factors. *United States v. Miller*, 557 F.3d 910, 916 (8th Cir. 2009).

**B. Merits**

The appellant is a 36-year-old individual who acknowledges a prior felony criminal conviction. The appellant received a sentence within his guideline range of thirty months. (PSR, para. 56, pg. 18). It is Appellant's position that he should have received a probated sentence or a sentence of less incarceration. Appellant believes that the sentence imposed is unnecessarily punitive (considering the nature of the charges).

The District Court had an obligation to ensure that the sentence was not greater than necessary to achieve the familiar goals of sentencing. *See* 18 U.S.C. § 3553(a). It is the Defendant's position that the Court violated that principle and abused its discretion by imposing the thirty-month sentence.

## **CONCLUSION**

Considering the above arguments, Brandon Robinson respectfully requests that this case be remanded for resentencing. Counsel states this brief is filed pursuant to the duty imposed on him as appointed counsel by virtue of *Anders v. California*, 386 U.S. 738, 744-745 (1967). Appointed counsel respectfully requests that this Court grant counsel leave to withdraw from pursuing this appeal any further. Counsel also asks the Court to review the entire record to determine whether there exist any non-frivolous issues for appeal; and if so, that the Court appoint counsel to pursue such issues on behalf of Appellant so that all his rights are protected and preserved herein. Pursuant to the dictates of *Anders*, counsel will provide a copy of this brief and asks the Court to grant Brandon Robinson additional time to raise any *pro se* issues he wishes to raise. *See Anders*, 386 U.S. at 744.

                                                    Respectfully Submitted,

                                                    /s/Degen D. Clow
                                                    Degen D. Clow (ABN: 2014038)
                                                    PO Box 1
                                                    Benton, AR 72018
                                                    501-999-2569
                                                    degen@clow.law
                                                    *Attorney for Appellant*

## CERTIFICATE OF SERVICE

I certify that I mailed two copies of this Brief/Addendum to Ms. Amanda Fields, U.S. Attorney's Office, PO Box 1229, Little Rock, AR 72203 on _____.

I further certify that I have mailed a singular copy of the brief and addendum to the Defendant/Appellant's last known mailing address on _____, at:

Brandon Robinson
33 Edgewood Cir.
West Helena, AR 72390

/s/Degen D. Clow
Degen D. Clow (ABN: 2014038)
Clow Law
PO Box 1
Benton, AR 72018
501-999-2569
degen@clow.law
*Attorney for Appellant*

# **CERTIFICATE OF FILING**

I certify that I filed ten copies of this Brief/Addendum to the United States Court of Appeals for the Eighth Circuit Clerk's Office, Thomas F. Eagleton Courthouse, Room 24.329, 111 S. 10th Street, St. Louis, MO 63102 by sending it via United States Postal Service on _____.

/s/Degen D. Clow
Degen D. Clow (ABN: 2014038)
Clow Law
PO Box 1
Benton, AR 72018
501-999-2569
degen@clow.law
*Attorney for Appellant*

**CERTIFICATE OF ELECTRONIC FILING**

I certify that on September 27, 2024, the foregoing was filed electronically via the Appellate CM_ECF, and copies electronically sent to all parties of record.

/s/Degen D. Clow
Degen D. Clow (ABN: 2014038)
Clow Law
PO Box 1
Benton, AR 72018
501-999-2569
degen@clow.law
*Attorney for Appellant*

# F.R.A.P. 32(a)(7) and 8th CIR. RULE 28A(a) CERTIFICATION

The undersigned attorney hereby certifies that the Appellant's Brief/Addendum complies with the type-volume limitation of Rule 32(a)(7), F.R.A.P. Further, the undersigned attorney certifies that, in conformity with 8th Circuit Rule 28A(d), Appellant's Brief has been scanned for viruses and is virus-free. The brief uses proportional space, 14-point Times New Roman font. Based on a line count under Microsoft Office Word, exclusive of the Addendum, the brief contains no more than 1744 total words.

                                                  /s/Degen D. Clow

Degen D. Clow (ABN: 2014038)
Clow Law
PO Box 1
Benton, AR 72018
501-999-2569
degen@clow.law
*Attorney for Appellant*